Byron G. Martin, #8824
Jennifer R. Carrizal, #10116
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Tel:  (801) 532-7080
Fax:  (801) 596-1508
bmartin@strongandhanni.com

*Attorneys for Plaintiff United Specialty Insurance Company*

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

---

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | : | **COMPLAINT FOR DECLARATORY RELIEF** |
| | : | |
| Plaintiff, | : | **(Jury Demanded)** |
| | : | |
| v. | : | |
| | : | Civil No. |
| QUANTUM ULTRA LOUNGE, INC. dba THE MOOSE LOUNGE, VICTOR GALINDO, JORGE BIZARRO, and MARCO ORTIZ, | : | |
| | : | Judge |
| | : | |
| Defendants. | : | |

---

Comes now Plaintiff United Specialty Insurance Company ("United Specialty") and alleges against defendants Quantum Ultra Lounge, Inc. dba The Moose Lounge, Victor Galindo, Jorge Bizarro, and Marco Ortiz as follows:

## JURISDICTION

1.      This case presents questions and controversies related to whether insurance coverage should be provided in connection with a lawsuit that has been filed by Marco Ortiz against United Specialty's insured Quantum Ultra Lounge, Inc. dba The Moose Lounge, Victor Galindo, Jorge Bizarro, and others in the Third Judicial District Court, Salt Lake County, Civil No. 180904676 ("Underlying Action").

2.      United Specialty seeks relief as set forth below, including declaratory relief pursuant to Federal Rules of Civil Procedure Rule 57 and 28 U.S.C. § 2201.

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship as between United Specialty and all defendants, and because the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.      United Specialty asserts that the alleged damages as set forth in the Complaint in the Underlying Action – for which United Specialty is responsible to indemnify should liability and coverage be found – are likely in excess of $75,000 exclusive of interest and costs based on: (1) damages allegations in the Complaint of $59,043.15 for past medical expenses and lost income (far more than the amount of past special damages in Pelletier v. State Farm Mut. Auto. Ins. Co., No. 2:10-CV-1185 TS, 2011 WL 776226 (D. Utah Feb. 25, 2011)); (2) damages allegations in the Complaint describing serious permanent injuries, permanent impairment, substantial pain and suffering, "huge" scarring, diminished earning capacity, and emotional distress; (3) damages allegations in the Complaint describing the potential need for future medical care; and (4) substantial general damages award possible in cases like Mr. Ortiz's involving fracture, multiple

surgeries, and insertion of metal hardware.

5.     The $75,000 jurisdictional minimum is further satisfied in view of the defense obligation at issue in this declaratory judgment action, i.e., the value of the attorney's fees and defense expenses for which United Specialty is responsible (if coverage is found) in defending its insured in the Underlying Action, which is likely to be in the tens of thousands of dollars.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because the defendants reside in Utah and because the United Specialty insurance policy was issued in Utah.

7.     At all times relevant hereto, plaintiff United Specialty was and is a corporation organized, incorporated, and existing under the laws of the State of Delaware, with its principal place of business in Bedford, Texas. United Specialty is a citizen of Delaware and Texas, and not a citizen of Utah.

8.     United Specialty is informed and believes and thereon alleges that defendant Quantum Ultra Lounge, Inc. dba The Moose Lounge ("Quantum") was and has always been a corporate entity that is incorporated in Utah and that has its principal place of business in Utah, and therefore is a citizen of Utah and Utah alone.

9.     United Specialty is informed and believes and thereon alleges that defendants Victor Galindo ("Galindo") and Jorge Bizarro ("Bizarro") are owners, operators, and/or employees of the defendant Quantum, and both are residents and citizens of Utah only

10.     United Specialty is informed and believes and thereon alleges that defendant Marco Ortiz ("Ortiz") was and is a resident of Utah and a citizen of Utah only. United Specialty includes Ortiz as a defendant in this action to bind him to the Court's determination herein so as to preserve judicial resources and bar any further lawsuit by Ortiz against United Specialty which would seek

3

to re-litigate the same issues addressed in this action.

## **GENERAL ALLEGATIONS**

11.     On or about July 3, 2018, Ortiz filed the Underlying Action against Quantum, Galindo, Bizarro, and others in the Third Judicial District Court in and for Salt Lake County.  A true and correct copy of the Underlying Action is attached hereto as Exhibit 1.

12.      The Underlying Action alleges that on January 28, 2018, Ortiz was a customer at nightclub Quantum, which is owned and/or operated by Galindo and Bizarro.

13.     It is further alleged therein that Quantum, Galindo, and Bizarro knew or should have known that certain violent and aggressive individuals frequented the club who posed an unreasonable risk of bodily harm to customers, but failed to control or remove such individuals from the premises, failed to warn customers thereof, failed to control the crowd, failed to provide adequate security, and/or failed to supervise their employees.

14.      It is further alleged therein in the alternative that Quantum, Galindo, Bizarro, and their employees used excessive force, and that Ortiz was injured when they fell on him or caused him to fall.

15.     It is further alleged therein that Quantum, Galindo, Bizarro and their employees caused Ortiz physical injuries and are legally liable for the injuries that Ortiz suffered during the incident.

16.     Based thereon, the Underlying Action includes causes of action for simple negligence and negligent hiring/training/retention/supervision [sic] against Quantum, Galindo, Bizarro and others.

17.     As alleged, the Underlying Action arises out of an incident that occurred on January

28, 2018 ("the Incident").

18.     A police report was issued in connection with the Incident.  A true and correct copy (with redactions) of the report in United Specialty's possession is attached hereto as Exhibit 2.

19.     The police report clarifies that the Incident involved a large fight involving 20 people that took place just outside the building.

20.     Specifically, Ortiz told the police that he left the Moose Lounge and that security staff followed him out to the sidewalk and were being aggressive with him, that a fight happened, that he hurt his foot somewhere between the sidewalk and the road, that he got punched in the face several times, and that he wanted to pursue charges.

21.     Various other witnesses confirmed fighting, altercations, beatings, punching, pushing, holding, and physical violence in connection with the Incident, and the reporting officer documented assault.

22.     At the time of the Incident, Quantum maintained a general liability policy with United Specialty, policy number USA4178339 ("the Policy"). The Policy was in force for the period June 2, 2017 to June 2, 2018. A true and correct copy of the Policy (with redactions) is attached hereto as Exhibit 3.

23.     The Policy provides commercial general liability coverage for certain injury and damage if caused by an "occurrence" as defined in the Policy. Under that coverage, United Specialty is obligated to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." United Specialty also has "the right and duty to defend the insured against any 'suit' seeking those damages.  However, [United Specialty] will have no duty to defend the insured against any 'suit'

seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

24.     The Policy's general liability coverage is subject to an endorsement written on form CGL 1704 0116 (the "Assault and Battery Exclusion"). The Assault and Battery Exclusion provides in relevant part:

**EXCLUSION - ASSAULT AND BATTERY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
CONTRACTORS LIMITED CLAIMS MADE AND REPORTED GENERAL LIABILITY COVERAGE PART
CONTRACTORS LIMITED CLAIMS MADE GENERAL LIABILITY COVERAGE PART

**1.** This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of or resulting from:

   **(a)**  any actual, threatened or alleged assault or battery regardless of whether or not any action was undertaken or was alleged to have been undertaken in self-defense;

   **(b)**  the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;

   **(c)**  the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;

   **(d)**  the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;

   **(e)**  the negligent:
      **(i)**   employment;
      **(ii)**  investigation;
      **(iii)** supervision;
      **(iv)** training; or
      **(v)**   retention;
      of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **1. (a), (b), (c) or (d)** above; or

   **(f)**  any other act or omission, either leading up to, during or following any alleged assault or battery, on the part of the insured or anyone else for whom the insured may be legally responsible, in any way relating to, concurrently or in succession with, **1.(a),(b),(c),(d)** or **(e)**, above.

**2.** We shall have no duty to defend or indemnify any claim, demand, "suit", action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:

   **(a)**  any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.

   **(b)**  any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury.

   **(c)**  any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

   **(d)**  any actual or alleged injury arises out of any act or omission in connection with the prevention or suppression of assault or battery or any physical altercation.

25.     The Policy's general liability coverage is also subject to an Expected or Intended Injury Exclusion, which states in relevant part: "This insurance does not apply to: . . . 'Bodily

injury' or 'property damage' expected or intended from the standpoint of the insured.  This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property."

26.     The Policy's general liability coverage is also subject to a criminal acts provision in the endorsement written on form CGL 1701 0316 (the "Criminal Acts Exclusion"). The Criminal Acts Exclusion provides in relevant part that the insurance does not apply to: "a. 'Bodily injury' or 'property damage' arising directly or indirectly out of or resulting from a criminal act committed by any insured, including any additional insureds or b. 'Bodily injury' or 'property damage' arising directly or indirectly out of or resulting from a criminal act at the direction of any insured, including any additional insureds."

27.     The Policy's general liability coverage is also subject to a modified definition of "Occurrence" per the endorsement written on form CGL 1701 0316. The "Occurrence" definition states:

3.  **Item 13., "Occurrence" is deleted in its entirety and replaced with the following:**

   **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.  All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.

28.     The United Specialty Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

29.     The United Specialty Policy defines "insured" to include Quantum, as well as any officer, director, or employee acting within the course and scope of employment.

30.     United Specialty is informed and believes and thereon alleges that Quantum,

Galindo, and/or Bizarro have been served with the Underlying Action, and have requested or expect that United Specialty defend and indemnify them in the Underlying Action. United Specialty has agreed to defend Quantum, Galindo, and Bizarro in the Underlying Action pursuant to a reservation of rights.

## FIRST CLAIM FOR RELIEF

(Declaratory Relief Against All Defendants – No Duty to Defend)

31.     United Specialty incorporates the allegations made in paragraphs 1 to 30 above.

32.     An actual controversy has arisen and now exists between United Specialty on the one hand and defendants on the other hand as to United Specialty's rights and obligations under the Policy. United Specialty is informed and believes and on that basis alleges that defendants contend that the claims asserted in the Underlying Action are covered or potentially covered by the Policy. United Specialty contends that there is no potential that the claims alleged in the Underlying Action were on account of damages covered by the Policy, and therefore contends that the Policy does not provide coverage, that United Specialty owes no duty to defend Quantum, Galindo, and Bizarro in the Underlying Action, and that Ortiz has no right of recovery against United Specialty or the Policy.

33.     United Specialty owes no duty or coverage to Quantum, Galindo, or Bizarro in the Underlying Action on account of the Assault and Battery Exclusion, the Expected or Intended Injury Exclusion, the Criminal Acts Exclusion, and/or the lack of an "occurrence" as defined by the Policy.

34.     United Specialty seeks a declaration of its rights and obligations under the Policy consistent therewith as it relates to the Underlying Action.

## SECOND CLAIM FOR RELIEF

(Declaratory Relief Against All Defendants – No Duty to Indemnify)

35.     United Specialty incorporates the allegations in paragraphs 1 to 34 above.

36.     An actual controversy has arisen and now exists between United Specialty on the one hand and defendants on the other hand as to United Specialty's rights and obligations under the Policy. United Specialty is informed and believes and on that basis alleges that defendants contend that the claims asserted in the Underlying Action are covered by the Policy. United Specialty contends that the claims alleged in the Underlying Action were not on account of damages covered by the Policy, that the Policy does not provide coverage, that United Specialty owes no duty to indemnify Quantum, Galindo, and Bizarro in the Underlying Action, and that Ortiz has no right of recovery against United Specialty or the Policy.

37.     United Specialty owes no duty or coverage to Quantum, Galindo, or Bizarro in the Underlying Action on account of the Assault and Battery Exclusion, the Expected or Intended Injury Exclusion, the Criminal Acts Exclusion, and/or the lack of an "occurrence" as defined by the Policy.

38.     United Specialty seeks a declaration of its rights and obligations under the Policy consistent therewith as it relates to the Underlying Action.

## THIRD CLAIM FOR RELIEF

(Recoupment Against Galindo, Bizarro, and Quantum)

39.     United Specialty incorporates the allegations in paragraphs 1 to 38 above.

40.     United Specialty is defending Galindo, Bizarro, and Quantum in the Underlying Action subject to a full reservation of rights and the reservation to obtain reimbursement for any

defense costs incurred or indemnity paid if it is later determined by this Court that United Specialty had no obligation to pay.

41.     Galindo, Bizarro, and Quantum have accepted the defense subject to those terms and conditions and further are receiving benefits because of the defense being provided.

42.     United Specialty is therefore entitled under the Policy, the reservation of rights, express and implied contract, and/or principles of equity and unjust enrichment to reimbursement and recoupment from Galindo, Bizarro, and Quantum for any defense costs incurred or indemnity paid if it is later determined by this Court that United Specialty had no defense or indemnity obligations.

## PRAYER FOR RELIEF

Wherefore, United Specialty prays for a judgment and order:

1.     Declaring that the Policy does not provide coverage for the Underlying Action;

2.     Declaring that United Specialty has no obligation under the Policy to defend Quantum, Galindo, and Bizarro in the Underlying Action;

3.     Declaring that United Specialty has no obligation under the Policy to indemnify Quantum, Galindo, and Bizarro in the Underlying Action;

4.     Declaring that Ortiz has no right of recovery against United Specialty or under the Policy;

5.     For an award of United Specialty's costs of suit;

6.     For trial by jury on all issues so triable;

7.     For reimbursement and recoupment from Galindo, Bizarro, and Quantum for any defense costs incurred or indemnity paid if it is later determined by this Court that

United Specialty had no defense or indemnity obligations, and for a judicial declaration and judgment regarding the same; and

8.      For such additional relief as the Court deems just and proper.


DATED this 19th day of September, 2018.

                              STRONG & HANNI P.C.

                              */s/ Byron G. Martin*

                              _____

                              Byron G. Martin
                              Jennifer R. Carrizal
                              *Attorneys for Plaintiff United Specialty*
                              *Insurance Company*

**009058.00006**

11