# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br>v.<br><br>QUANTUM ULTRA LOUNGE, INC. dba THE MOOSE LOUNGE, VICTOR GALINDO, JORGE BIZARRO, MARCO ORTIZ, and 4TH SOUTH ASSOCIATES, LLC,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:18-cv-00745<br><br>District Judge Dee Benson |

Before the court is United Specialty Insurance Company's motion for summary judgment. (Dkt. No. 20.) In opposition to that motion, Bruce M. Pritchett, counsel for Defendant and Counterclaimant Marco Ortiz, filed a Rule 56(d) declaration in support of continuance to allow for discovery. (Dkt. No. 35.) United Specialty filed a reply memorandum in support of its motion for summary judgment and in opposition to Defendant's request for additional discovery. (Dkt. No. 41.) Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## FACTS

On January 28, 2018, Marco Ortiz was a patron at a nightclub called Quantum Ultra Lounge, which is owned and operated by Victor Galindo and Jorge Bizarro. (Dkt. No. 14 at 5.) According to an eyewitness report, Ortiz was "was trying to get up on the stage" area that was not open to customers, and was consequently asked to leave the club. (*See* Dkt. No. 20-5 at 5.)

That same eyewitness reported to police that Quantum security staff repeatedly asked Ortiz to leave Quantum and its parking lot area. (*See id.*) After exiting the lounge, contention arose between Ortiz and Quantum employees and/or patrons, culminating in a physical altercation on a sidewalk adjacent to the lounge. (*See* Dkt. No. 20 at 2; Dkt. No. 20-5.) According to the police report, the incident was "a large fight outside of Moose Lounge involving approximately 20 people." (Dkt. No. 20-5 at 5.) Various witnesses confirmed that "fighting, beatings, punching, pushing, holding, . . . and physical violence" took place; the police report further provides that Ortiz stated he "got punched in the face several times." (Dkt. No. 20 at 8.)

Ortiz claims that during this altercation "Galindo, Bizarro, and/or other Quantum employees fell on him or caused him to fall," causing Ortiz to sustain physical injuries (including purportedly an ankle, foot, and/or leg injury); Ortiz argues that Galindo, Bizarro, and Quantum are liable for his injuries. (Dkt. No. 14 at 6; Dkt. No. 20 at 2; Dkt. No. 20-5 at 5.) He also contends that Quantum, Galindo, and Bizarro "knew or should have known that certain violent and aggressive individuals frequented the club who posed an unreasonable risk of bodily harm to customers, but failed to control or remove such individuals from the premises . . . ," or alternatively, that Quantum and their employees "used excessive force." (Dkt. No. 14 at 5-6.)

On July 3, 2018, Ortiz filed the underlying action against Quantum, Galindo, Bizarro, and 4th South Associates (landlord for the premises where Quantum is located) in the Third Judicial District Court in and for Salt Lake County for his alleged injuries, including causes of action for "Simple Negligence" and "Negligent Hiring/Training/ Retention/Supervision." (Dkt. No. 20-4.) Quantum, Galindo, and Bizarro seek coverage for the Ortiz claim under United Specialty's commercial general liability policy issued to Quantum on June 30, 2017. (Dkt. No. 20 at 2; Dkt. No. 20-1 at 3.) The policy includes an "assault and battery" exclusion stating that the insurance

does not apply to "bodily injury" arising out of or resulting from any actual, threatened, or alleged assault or battery. (Dkt. No. 20 at 4-5.) It also includes, inter alia, an exclusion for the failure of the insured to prevent or suppress any assault or battery, the failure of the insured to render or secure medical treatment necessitated by any assault or battery, the negligent employment or training of a person whose conduct would fall under this exclusion, or any other act or omission by the insured in any way relating to this exclusion either leading up to, during or following any alleged assault or battery. (*See id.* at 5.) Additionally, the policy states that United Specialty "shall have no duty to defend or indemnify any claim" seeking damages or other relief where any actual or alleged injury arises out of, inter alia:

- any combination of an assault or battery-related and non-assault or battery related cause;
- a chain of events including assault or battery (regardless of whether the assault or battery is a substantial or proximate cause of the injury); or
- any act or omission in connection with the prevention or suppression of assault or battery or any physical altercation.

(*See id.*)

On February 19, 2019, United Specialty filed an amended declaratory judgment action seeking a declaration that 1) the policy does not provide coverage for the underlying action, 2) United Specialty has no duty to defend or indemnify Quantum, Galindo, Bizarro, or 4th South Associates in the underlying action, 3) Ortiz has no right of recovery against United Specialty, and 4) United Specialty is entitled to an award of costs/fees incurred. (Dkt. No. 34 at 10-13.)

## **DISCUSSION**

A party moving for summary judgment meets its burden by demonstrating "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Becker v. Bateman*, 709 F.3d

1019, 1022 (10th Cir. 2013). An issue of fact is material "if under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). The moving party may satisfy its initial burden of making a prima facie demonstration that no genuine issue of material fact exists by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim. *See Adler*, 144 F.3d at 670-71. "If the movant carries this initial burden . . . the burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts . . . from which a rational trier of fact could find for the nonmovant." *Id.* at 671.

## I. Rule 56(d) Request for Discovery Continuance

Rule 56(d) of the Federal Rules of Civil Procedure provides:

> If a nonmovant [to a motion for summary judgment] shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

However, Mr. Pritchett's conclusory assertion in his declaration that Ortiz requires additional time to identify third parties "likely to possess relevant evidence" is insufficient to satisfy Rule 56(d)'s requirements. (Dkt. No. 35 at 2.) To make the requisite demonstration for relief, Pritchett needed to "state with specificity why extra time is needed and how the additional time and material will rebut the summary judgment motion." *International Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys.*, 52 F.3d 901, 905 (10th Cir. 1995) (citation omitted). "Mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable is insufficient to invoke" Rule 56(d). *See id.* (citation omitted).

Here, the Pritchett Declaration fails to 1) identify any specific facts that would create a genuine issue of material fact in this case regarding United Specialty's assault and battery

exclusion argument; 2) identify what steps have been taken to obtain such facts; and 3) show how future discovery could defeat summary judgment. *See Garcia v. United States Air Force*, 533 F.3d 1170 (10th Cir. 2008). Accordingly, the court denies Ortiz's request for discovery continuance under Rule 56(d), and finds it appropriate to continue with summary judgment.

## II. Assault and Battery Policy Exclusion

Under Utah law, insurance policies are "construed pursuant to the same rules applied to ordinary contracts." *Saleh v. Farmers Ins. Exch.*, 133 P.3d 428, 432 (Utah 2006). "Where the allegations [of the complaint], if proved, show there is no potential liability [under the policy], there is no duty to defend" the claim. See *Deseret Fed. Sav. & Loan Ass'n v. U.S. Fid. & Guar. Co.*, 714 P.2d 1143, 1147 (Utah 1986) (quotations and citations omitted).

In this case, the policy's assault and battery exclusion is very broad. Specifically, it defines "assault and battery" as encompassing "any . . . type of physical altercation." (Dkt. No. 20-2 at 17.) The policy then makes clear that coverage does not apply to claims of bodily injury "arising out of or resulting from . . . any actual, threatened or alleged assault or battery." (*Id.*)

Viewing the allegations of Ortiz's complaint as a whole, it is undisputed that his claims against Quantum, Galindo, Bizarro, and others "arise out of" and "result from" the alleged assault or battery that took place during the January 28, 2018 physical altercation. Ortiz claims that during the altercation, Quantum's "employees and/or agents fell on him or caused him to fall," permitted "unsafe" and "dangerous" conditions to ensue at the lounge, and used "excessive force," all of which caused him to sustain injuries to his leg. However, even if Ortiz's allegations in his underlying complaint lacked sufficient clarity on this point, extrinsic evidence from the police report clearly confirms that Ortiz's claims arise out of actual assault or battery. Ortiz's claim against Quantum, Galindo, Bizarro, and others would not exist without his physical

altercation with Quantum's employees and/or agents. At a minimum, even if the assault or battery wasn't a substantial cause of Ortiz's injury, his claim clearly arises "out of a chain of events which includes an assault or battery," also meeting the policy exclusion.

United Specialty has thus made a prima facie demonstration that no genuine issue of material fact exists, shifting the burden to Ortiz. In response to United Specialty's motion for summary judgment, Ortiz's counsel only filed the Pritchett Declaration without any other documents or pleadings. Because United Specialty's arguments are basically unopposed, Ortiz has not met his burden to set forth specific facts that would allow a factfinder to find for Ortiz.

Therefore, the court finds that United Specialty is entitled to judgment as a matter of law. Specifically, the court declares that:

1) There is no coverage under the policy for injury and damages claimed by Ortiz against Quantum, 4th South Associates, Galindo, Bizarro, or any of their employees as a result of the January 28, 2018 incident;
2) United Specialty has no obligation under the policy to defend or indemnify Quantum, 4th South Associates, Galindo, Bizarro, or any of their employees or to pay Ortiz for any money for claims asserted by him in relation to the January 28, 2018 incident; and
3) Neither Quantum, 4th South Associates, Galindo, Bizarro, or any of their employees have any right of recovery against United Specialty in relation to the January 28, 2018 incident.

## **CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that United Specialty's motion for summary judgment is GRANTED. Ortiz's Counterclaim is hereby DISMISSED with prejudice.

Signed May 13, 2019.

BY THE COURT

_____
District Judge Dee Benson